In re the marriage of: Claudia D. Stumpner, p/k/a Claudia D. Cutting, Petitioner-Appellant,

v.

Charles C. Cutting, Jr., Respondent-Respondent.

Court of Appeals

*No. 2009AP94. Submitted on briefs August 10, 2009 —Decided April 8, 2010.*

2010 WI App 65

(Also reported in 783 N.W.2d 874.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Alanna J. Feddick* of *Feddick & Associates, S.C.*, Marshfield.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Michael J. Lauterbach* of *Nash Podvin Attorneys at Law, S.C.*, Wisconsin Rapids.

Before Vergeront, Lundsten and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. Claudia Stumpner appeals a *sua sponte* order modifying physical placement of her daughter, Grace. We conclude that the court lacked the authority under Wis. Stat. § 767.451(3) (2007–08),[1] to *sua sponte* modify the physical placement order. We therefore reverse.

## BACKGROUND

¶ 2. Charles Cutting and Claudia Stumpner, f/k/a Claudia Cutting, were divorced in January 2004. The judgment of divorce awarded Claudia primary placement and Charles periods of physical placement of the

---

[1] Wisconsin Stat. § 767.451(3) (2007–08) states that

[e]xcept as provided under subs. (1) and (2), upon petition, motion or order to show cause by a party, a court may modify an order of physical placement which does not substantially alter the amount of time a parent may spend with his or her child if the court finds that the modification is in the best interest of the child.

All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

couple's minor daughter, Grace. After more than two years had passed, and following a stipulated modification to the placement order, Charles filed a contempt motion against Claudia for allegedly failing to timely return Grace to him. The particulars of the dispute do not matter for purposes of this decision. Suffice to say that the dispute involved an allegation that Claudia's mother was interfering with Charles's relationship with Grace.

¶ 3. At the conclusion of the hearing on Charles's contempt motion, the circuit court denied the motion. The court then issued *sua sponte* an order modifying the placement order. Among the modification's provisions was a requirement that Grace's visits with Claudia's mother, Grace's grandmother, be supervised by an adult other than Claudia.

## DISCUSSION

¶ 4. The statutory provisions authorizing the modification of legal custody and physical placement orders are set forth in WIS. STAT. § 767.451. The statute includes one set of standards for modifications that would *substantially* alter the amount of time a parent may spend with the child, § 767.451(1), and another for those that *do not substantially* alter the amount of time a parent may spend with the child, *see* § 767.451(3), like the court's modification in the present case.[2]

---

[2] WISCONSIN STAT. § 767.451 provides in part:

[T]he following provisions are applicable to modifications of legal custody and physical placement orders:

(1) SUBSTANTIAL MODIFICATIONS. (a) *Within 2 years after final judgment.* Except as provided under sub. (2), a court may not modify any of the following orders before 2 years after the final judgment determining legal custody or physical placement is entered under s. 767.41, unless a party seeking the modification,

¶ 5. Claudia's primary contentions are that the court's modification was unsupported by the facts of

upon petition, motion, or order to show cause, shows by substantial evidence that the modification is necessary because the current custodial conditions are physically or emotionally harmful to the best interest of the child:

1. An order of legal custody.

2. An order of physical placement if the modification would substantially alter the time a parent may spend with his or her child.

(b) *After 2-year period.* 1. Except as provided under par. (a) and sub. (2), upon petition, motion or order to show cause by a party, a court may modify an order of legal custody or an order of physical placement where the modification would substantially alter the time a parent may spend with his or her child if the court finds all of the following:

a. The modification is in the best interest of the child.

b. There has been a substantial change of circumstances since the entry of the last order affecting legal custody or the last order substantially affecting physical placement.

2. With respect to subd. 1, there is a rebuttable presumption that:

a. Continuing the current allocation of decision making under a legal custody order is in the best interest of the child.

b. Continuing the child's physical placement with the parent with whom the child resides for the greater period of time is in the best interest of the child.

3. A change in the economic circumstances or marital status of either party is not sufficient to meet the standards for modification under subd. 1.

. . . .

(3) MODIFICATION OF OTHER PHYSICAL PLACEMENT ORDERS. Except as provided under subs. (1) and (2), upon petition, motion or order to show cause by a party, a court may modify an order of physical placement which does not substantially alter the amount of time a parent may spend with his or her child if the court finds that the modification is in the best interest of the child.

823

record, and that the modification was not in the best interests of the child as required by WIS. STAT. § 767.451(3).[3] We do not address these arguments, however, because we dispose of this case on other grounds. We conclude, applying *Pero v. Lucas*, 2006 WI App 112, ¶ 29, 293 Wis. 2d 781, 718 N.W.2d 184, that the court's action exceeded the authority granted to it by § 767.451(3) because the language of that statute does not permit a court to modify a placement order in the absence of a "petition, motion or order to show cause by a party." In other words, the court lacked the authority to *sua sponte* modify the placement order.

¶ 6. In *Pero*, we addressed whether a circuit court had the authority to enter on its own motion a modification order under WIS. STAT. § 767.451(1)[4] substantially altering the amount of time a parent would spend with the child. *See Pero*, 293 Wis. 2d 781, ¶¶ 24–33. In *Pero*, neither parent requested a modification in placement. *Id.*, ¶¶ 5, 6. Nonetheless, after taking evidence, the court concluded that it was in the child's best

---

[3] Claudia also argues that the circuit court modification of the placement order was contrary to WIS. STAT. § 767.471(5)(d), which limits the manner in which a court may modify a placement order when addressing a motion for enforcement of a physical placement order. Because we conclude that the court had no authority to modify physical placement on its own motion under WIS. STAT. § 767.451(3), we do not address this issue.

[4] In *Pero*, we construed WIS. STAT. § 767.325 (2003–04), the statute in effect at the time of the decisions. *See Pero v. Lucas*, 2006 WI App 112, 293 Wis. 2d 781, 718 N.W.2d 184. Since then, the statute has been renumbered to WIS. STAT. § 767.451 by 2005 Act 443, §§ 160 to 163, eff. Jan. 1, 2007. Because the statutory language remains the same after renumbering, for the purpose of simplicity we will refer to the statute we construed in *Pero* as § 767.451.

interest for the mother to have sole legal custody of the child. *Id.*, ¶¶ 16, 19. The father appealed, arguing that the court lacked the authority to modify the custody arrangement when neither party had requested such a change.

¶ 7. In *Pero*, we began our discussion by noting that the scope of a court's power in this area is defined by statute:

> Although the trial court has a broad discretion with respect to custody determinations, which will be given great weight on review, courts have no power in awarding custody of minor children other than that provided by statute. Thus, the trial court's power in custody and visitation matters is generally subject to legislative will and, absent an authorizing statutory provision, the court is usually powerless to act.

*Id.*, ¶ 27 (quotations omitted) (*citing Jocius v. Jocius*, 218 Wis. 2d 103, 111, 580 N.W.2d 708 (Ct. App. 1998)).

¶ 8. We then examined Wis. Stat. § 767.451(1)(b)1., which provides that a court "may modify an order of legal custody or an order of physical placement" only by "a petition, motion or order to show cause by a party." Construing this language we concluded that

> [t]he plain, unambiguous language of [§ 767.451(1)b.1.] requires a petition, motion or order to show cause by a party, not a *sua sponte* action by the trial court. We perceive no ambiguity; a party must file a petition, motion or order to show cause in order to empower the trial court to act. In contrast, the legislature has, in other statutes, explicitly authorized trial courts to act on their own initiative. *See, e.g.,* Wis. Stat. § 48.355(3)(b)1m. Section [767.451(1)(b)1.] provides no

> similar, explicit authority to trial courts to consider changes in legal custody or physical placement on their own initiative.

*Pero*, 293 Wis. 2d 781, ¶ 29 (emphasis added).

¶ 9. Although the present case involves a modification of placement under Wis. STAT. § 767.451(3), and not a change of placement or legal custody under § 767.451(1), the operative language here is identical to the language construed in *Pero*. Section 767.451(3) provides as follows:

> Except as provided under subs. (1) and (2), *upon petition, motion or order to show cause by a party,* a court may modify an order of physical placement which does not substantially alter the amount of time a parent may spend with his or her child if the court finds that the modification is in the best interest of the child.

Section 767.451(3) (emphasis added). As in § 767.451(1), a court is authorized to modify an order under § 767.451(3) only "upon petition motion or order to show cause by a party." The statute does not authorize a court to *sua sponte* modify a placement order.

¶ 10. We note that Claudia did not complain before the circuit court that the court lacked the authority to act *sua sponte*. For that matter, she has not made the argument on appeal. Rather, it was Charles who brought the *sua sponte/Pero* issue to our attention. Charles argues on appeal that we should not reverse the circuit court on this basis because Claudia never made the argument.

¶ 11. We agree that Claudia has waived the argument, but we nonetheless have the authority to address unpreserved issues. *See State v. Miller*, 2009 WI App 111, ¶ 24, 320 Wis. 2d 724, 772 N.W.2d 188 (whether to

apply the waiver rule is a matter addressed to an appellate court's discretion); *see also State v. Long*, 2009 WI 36, ¶ 44, 317 Wis. 2d 92, 765 N.W.2d 557 (declining to apply waiver rule to an issue not raised in the circuit court or court of appeals). In the present case, the unpreserved issue concerns the scope of the circuit court's authority, a legal question that we are in as good a position to address as a circuit court.

¶ 12. Further, there is a practical problem with the circuit court's ruling. Claudia and her counsel had no notice that the court might enter an order affecting placement. The important parental rights at stake in a modification order, and the statutory requirement that any modification be in the child's best interest, argue against application of waiver to this unpreserved issue. Accordingly, despite Claudia's failure to raise the matter, we choose to address whether the court had the authority under Wis. Stat. § 767.451(3) to enter the physical placement modification order *sua sponte*.

¶ 13. In sum, because we conclude that the court's entry of a *sua sponte* order exceeded the grant of the authority provided to it in Wis. Stat. § 767.451(3), we reverse the court's order modifying physical placement of Grace.

*By the Court.*—Order reversed.